IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. REUBEN BARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ILLINOIS COMMUNITY COLLEGE | ) | |
| DISTRICT NO. 515 A/K/A | ) | |
| PRAIRIE STATE COLLEGE, BOARD OF | ) | |
| TRUSTEES OF ILLINOIS COMMUNITY | ) | |
| COLLEGE DISTRICT N0. 515, | ) | |
| SUSAN SOLBERG, CHRISTA ADAM, | ) | |
| AND MARIAN KELLY | ) | Judge |
| | ) | |
| | ) | Magistrate Judge |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, DR. REUBEN BARRETT, ("BARRETT" or "Plaintiff") by counsel, brings his Cause of Action against the above-named Defendant, stating as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action under 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. §§ 1981, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Plaintiff, who was subjected to racial and gender discrimination, retaliation, harassment with different terms and conditions of employment by his employer, ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 515, a/k/a PRAIRIE STATE COLLEGE ("PRAIRIE STATE COLLEGE OR COLLEGE"), BOARD OF TRUSTEES ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 515, ("BOARD") AND ITS AGENTS, SUSAN SOLBERG, CHRISTA ADAM, AND MARIAN KELLY, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES.

## JURISDICTION AND VENUE

2.      This court has jurisdiction under 28 U.S.C. §§ 451, 1331 and 1343. Venue in this district is proper because the unlawful employment practices alleged below occurred, and all parties reside, in Cook County, Illinois, a county within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

3.      All conditions precedent to the institution of this lawsuit have been fulfilled, including receipt of a Right-to-Sue letter from the Equal Employment Opportunity Commission ("EEOC"). Plaintiff filed his original charge of discrimination # 440-2014-02810 on April 4, 2014. (Exhibit "A"). Subsequently, he filed his second charge on or about December 5, 2014, (Charge No. 440-2015-01086), a copy of which is attached as Exhibit "B."

4.      The EEOC issued a notice of right to sue to Barrett on or about December 17, 2014, a copy of which was received by him on or about December 20, 2014. (See attached Exhibit "C").

## THE PARTIES

5.      BARRETT is a citizen of the United States and the State of Illinois and resides in Sauk Village, Cook County, Illinois.

6.      Illinois Community College District No. 515, d/b/a PRAIRIE STATE ("COLLEGE") is a college and/or university which provides higher education within the State of Illinois.

7.      PRAIRIE STATE  is qualified to do business in the State of Illinois and is doing business in the State of Illinois. At all relevant times, Defendant, Board of Trustees of Illinois Community College District No. 515 ("BOARD") was the governing body of the Defendant College.

2

8.      The Defendant College was at all relevant times an Illinois Community College organized under the Public Community College Act.

9.      PRAIRIE STATE COLLEGE is an "employer" as that term is defined under the relevant statutes, including Title VII, 42 U.S.C. 2000e(b).

10.      SUSAN SOLBERG ("Solberg") was at all relevant times, Dean of Liberal Arts, at all relevant times for PRAIRIE STATE COLLEGE.

11.      CHRISTA ADAM, ("Adam") was at all relevant times a Professor of Biology and Coordinator for PRAIRIE STATE COLLEGE.

12.      MARIAN KELLY, ("Kelly"), was at all relevant times a Professor of Biology and Coordinator for PRAIRIE STATE COLLEGE.

## STATEMENT OF FACTS

13.      Plaintiff, Dr. Reuben Edward Barrett, D.C., J.D., CFI, CHMM is a 54-year-old African American male.

14.      Plaintiff's race is black or African-American, and as such is a member of a protected class.

15.      At all relevant times Plaintiff has been an employee, as defined for purposes of Title VII, of ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 515, a/k/a PRAIRIE STATE COLLEGE, and has served in the capacity of a full time tenured Professor in the Biology Department.

16.      Barrett is the only full time tenured African-American male in the Natural Sciences Department and the Biology Department

17.      Barrett is currently a full time tenured professor of biology with twenty-four years of teaching experience and the senior most in the department.

3

18.     Specifically, Plaintiff has taught and teaches, Biology 100, Biology 105, Biology 120, Biology 221, Biology 222, Biology 223, Biology 224, (old) Biology 111, (old) Biology 121, (old) Biology 122 and Biology for Hygiene.

19.     At all relevant times, BARRETT has been a member of the Prairie State College Federation of Teachers, Local 3816, Aft, AFL-CIO.

20.     At all relevant times, BARRETT'S employment relationship with PRAIRIE STATE COLLEGE, has been governed by the 2012-2015 Agreement Board of Trustees of Community College District No. 515 and Prairie State College Federation of Teachers, Local 3816, Aft, AFL-CIO. (hereinafter "the Contract")

21.     Plaintiff possesses the following degrees:  Southern Illinois University: Bachelors of Science, 2009, Webster University: Bachelors of Arts, Biology, 1983; Logan College of Chiropractic: Doctor of Chiropractic, 1990 National Board Certified and MI State Licensed Chiropractic Physician; William Howard Taft University: Juris Doctor, 2004.

22.     The above listed certifications and coursework qualified him for the position as a full time tenured Professor at PRAIRIE STATE COLLEGE, as well as the additional positions, including but not limited to coordinator and/or Chairman of the Department. Despite these qualifications and seniority, he has not served as Chairman since 1998 and not served as a Coordinator, an appointment only made by the Dean.

23.     Under the union contract, Article IV, (Conditions of Employment), Section 4.1 (Academic Freedom) and Section 4.2 (Course Content), tenured faculty members, like Dr. Barrett, were to enjoy academic freedom and had both the right and the responsibility to determine course content, student evaluation measures and textbooks.

24.     Barrett also had rights as enunciated under both board policy and college procedures.

4

25.     Barrett is the only full time tenured faculty member in the Department that, in collaboration with the co-creator, Professor Thurman Wilson, had constructed an entire integrated course curriculum with media, lab supplies, specimens and equipment for organismal and environmental biology.

26.     Barrett's course curriculum is published in the college catalog as the official course description and it is held out as the college course official outline.

27.     Barrett is the only biology faculty member to present the curriculum at the Illinois Assessment Fair, 2006 and to the Regional Accrediting body, the Higher Learning Commission, North Central Association of colleges and Schools, 2006 Regional conference.

28.     Barrett's curriculum was developed using recognized teaching methodologies and is a completely written curriculum for use with drafting the college course description, current official course outline extended to "Lesson Plans", behavioral objectives, assessments, lecture notes, study guides, exams correlated to worksheets, media, experiments and collaborative learning.

29.     Barrett's entire course is completely documented (lecture notes, study guides, exams).

30.     Defendant, Christa Adam, and other department members have not created any Biology 100 curriculum and as such, have not presented such curriculum to the state, regional accrediting body.

31.     In violation of the aforementioned contractual rights, members of the administration, including Solberg and Linda Uzureau, and/or administrative members, including Christa Adam, M.S. Ph.d, Coordinator, Biology and Marian Kelly, Professor of Biology and Coordinator, have attempted, and continue to attempt to change or modify course content and materials without Dr. Barrett's knowledge and/or permission.

32.     Barrett's teaching methodology and curriculum involved teaching students on subjects such as bacteria, Protista, fungi, plants, animals, human systems, (structure and function), evolution by comparative morphology/anatomy and ecology/environmental.

33.     The syllabi of the micro/molecular lecturers, Marian Kelly and Christa Adam, demonstrate that no coursework is given by these individuals for any studies or materials regarding the aforementioned materials that would match the Official college documents, ICCB (Illinois Community College Board – (IAI used the same curriculum after 2000) and IAI (Illinois Articulation Initiative), external curriculum that was agreed to obtain the certification by those bodies.

34.     As a result, due to the intentional curtailment of Barrett's teachings, materials, and daily curriculum, students in the Biology department, are not being taught structure, function, phyla, comparative morphology, evolution, and/or environmental.

35.     The exclusion of these teachings was intended to drive out and harass the late Professor Wilson (African-American) and Barrett as the only two full time tenured African-American male certified instructors in the Department instructing on these basic, preliminary required coursework for Biology majors.

36.     The effect of such discriminatory conduct and course manipulation is seen with students complaining that they are unable to, and/or have significant difficulty receiving full credit and transfer of Prairie State College biology course credits without having to submit additional course information.

37.     Due to race and gender discrimination, Barrett was intentionally excluded from his curriculum driven requests for lab supplies, lab prep set-ups, specimens or equipment requests being fulfilled for sixteen years.

38.     Due to race and gender discrimination, and despite being a full tenured professor with 24 years of teaching, only Barrett has had to defend his work to other white/Caucasian female faculty and administration. No other faculty member has had to do so.

39.     Defendant, Christa Adam, by and through written and oral communications to other members of the Biology Department, (Department), repeatedly attempted to change his textbook, course content and course ordering of supplies as well as blocking his lab supply orders, despite having no authority, consent or privilege to do so.

40.     The College, by and through Professor, Marian Kelly and Professor Christa Adam, under approval of the current and/or past administration (Susan Solberg and Debra Prendergast) modified his curriculum content, including the blocking and interfering with his course instruction by blocking lab orders.

41.     The College, by and through Kelly, Solberg, and Adam, blocked his supply orders and threw out equipment, and also took down the organism courses of Biol 100, 112 and Biol 105. Additionally, while Bio 105 did not have lab, Barrett was forced to spend thousands of dollars on necessary AV media and working books (ERG), including the loss of at least 50 percent in lab fees because money was no longer being spent on those courses.

42.     Barrett's body of work was criticized and restricted in use by white/Caucasian female co-faculty members, Marian Kelly, Christa Adam, and white/Caucasian female administration, Dean Susan Solberg and former Vice President, Linda Uzureau, and at their direction, also restricted in use by various college lab managers.

43.     Additional department services have been denied by Faculty Coordinators that have intentionally interfered with coursework despite having no authority to do so.

44. Despite its obligations under the contract and federal law, defendants denied Plaintiff services, materials and supplies for his coursework but did provide such to his female white/Caucasian colleagues.

45. As a result of these denials, Barrett was forced to purchase his own lab supplies, specimens and equipment in order to keep teaching the aforementioned courses.

46. Barrett was also forced to purchase his own supplies, such as PPE gear (personal protective equipment), a state/federal requirement for the lab, after his requests were denied.

47. Further, despite Plaintiff's qualifications and experience, and prior appointments, PRAIRIE STATE COLLEGE and its BOARD, among other discriminatory conduct, denied Plaintiff the right and opportunity to be appointed to leadership, administrative, and/or management positions in favor of white or Caucasian colleagues.

48. Despite Plaintiff's qualifications, willingness, and availability, PRAIRIE STATE COLLEGE and its BOARD, regularly and consistently denied Plaintiff notice of training essential to maintaining existing certification or receiving additional training necessary for advancement, at the same time it provided same to Plaintiff's white/Caucasian counterparts.

49. Despite Plaintiff's qualifications, willingness, and requests, PRAIRIE STATE COLLEGE and its BOARD denied Plaintiff the tools, supplies and equipment necessary to perform his job and to provide adequate training and teaching for his students.

50. Plaintiff's colleagues, not in the protected class, did not receive similar mistreatment and/or restrictions.

51. Plaintiff was the subject of ongoing harassment and adverse employment actions that significantly altered the terms and conditions of his employment.

8

52.     On numerous occasions, Plaintiff complained to his superiors, including co-workers, the Union, EEOC, (see Exhibit "A") and the Lab Staff about these past and continuing violations, to no avail.

53.     He has experienced constant and continuous harassment and hostility in the workplace dating back to 1998 to the present.

54.     His complaints about this harassment to Solberg and Uzureau against PSC employees, including Marian Kelly and Christa Adam and others, were ignored.

55.     His internal and external complaints about this harassment, hostility and discrimination against Dean Solberg and Christa Adam and various lab managers were ignored.

56.     Rather, in retaliation for his complaints of disparate treatment, PRAIRIE STATE COLLEGE and its BOARD, by and through its employees, intentionally subjected Barrett to different duties, requirements, and restrictions.

57.     Further, in retaliation for his complaints about coursework changes, PRAIRIE STATE COLLEGE and its BOARD contacted various outside vendors and encouraged the vendors to influence a change in the course materials.

58.     PRAIRIE STATE COLLEGE and its BOARD disregarded his repeated inquiries, complaints, and claims, and effectively condoned the conduct of others and limited his ability to conduct his teachings and coursework.

59.     PRAIRIE STATE COLLEGE's and/or its BOARD's ongoing attempts to change the course work materials and failure to provide essential materials, supplies and tools constitutes retaliation for Plaintiff's current and prior complaints of discriminatory conduct by PRAIRIE STATE COLLEGE.

60.     Despite his position, length of service and seniority as a full tenured professor, he has been denied access to his own academic files and access to cabinets in the labs. Keys to said cabinets were given to white females who were subordinates in academic rank and seniority, and his requests for a key were denied with the explanation that "we wouldn't want anything to happen to the expensive equipment."

61.     However, the white female co-workers, junior in academic rank and seniority were given keys as well as to the Lab Staff but not to Barrett – as was expressed directly to him.

62.     On April 4, 2014, Plaintiff filed his Charge of Discrimination with the EEOC alleging discrimination in his employment based on his race. (See Exhibit "A")

63.     Since that time, PRAIRIE STATE COLLEGE and its BOARD has increased its harassment and discrimination against Plaintiff in an effort to punish his conduct and/or drive him from his position.

64.     This treatment has been continuous, pervasive and unrelenting.

65.     Such ongoing discriminatory and retaliatory conduct is subject to injunctive action to stop further violations.

66.     Due to the conduct of PRAIRIE STATE COLLEGE, the defendants, and its agents, Plaintiff's reputation, image, academic growth, finances and health has been materially affected, including, but not limited to medical treatment for a number of stress related physical and mental conditions.

## COUNT I:  TITLE VII DISCRIMINATION

67.     Plaintiff re-alleges and incorporates by reference the factual allegations of paragraphs 1 through 66 above, as if fully set forth herein.

68.     Since as early as 1998, and as late as 2015, Defendant College and Board, and its employees, have engaged in unlawful employment practices in violation of Title VII.

69.     PRAIRIE STATE COLLEGE, the BOARD, and its employees illegally discriminated against Plaintiff based on his race and gender with respect to the terms and conditions of his employment when it subjected him to different terms and conditions than other non-protected class members.

70.     PRAIRIE STATE COLLEGE and the BOARD illegally discriminated against him by failing to provide necessary coursework materials, supplies and tools.

71.     PRAIRIE STATE COLLEGE and the BOARD illegally discriminated against him by restricting his coursework and ability to teach.

72.     PRAIRIE STATE COLLEGE and the BOARD's employment practices and conduct were deliberate, willful and conducted in blatant disregard of Plaintiff's rights.

73.     PRAIRIE STATE COLLEGE and/or the BOARD's policies and practices have produced, *inter alia*, disparate treatment and disparate impact against Plaintiff based on his race and gender with respect to the terms and conditions of his employment.

74.     By reason of PRAIRIE STATE COLLEGE and/or the BOARD's discriminatory practices, Plaintiff is entitled to all legal and equitable remedies available under Title VII.

75.     PRAIRIE STATE COLLEGE and the BOARD's discrimination against Plaintiff based on his race and gender was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create a hostile working environment.

76.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and promotion, to effectively constrain Plaintiff, and

otherwise to adversely affect Plaintiff's status as an employee because of his race, African-American, and his gender, male.

77.     PRAIRIE STATE COLLEGE and the BOARD, at all relevant times acted with malice or reckless indifference to the federally protected rights of Plaintiff in violation of 42 U.S.C. § 1981(a).

78.     As a result of the aforementioned intentionally discriminatory acts of PRAIRIE STATE COLLEGE and the BOARD, Plaintiff has suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and emotional distress. Specifically, due to the stress and anxiety caused by PRAIRIE STATE COLLEGE and the BOARD's discriminatory conduct, Plaintiff has been forced to incur medical expenses and treatment.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, REUBEN BARRETT demands judgment against ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 515, a/k/a PRAIRIE STATE COLLEGE ("PRAIRIE STATE COLLEGE OR COLLEGE"), BOARD OF TRUSTEES ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 515, ("BOARD") in an amount in excess of $250,000.00, and for all legal and equitable relief available pursuant to Title VII and the Civil Rights Act of 1991, including promotion, attorneys' fees, litigation expenses and cost of suit.

(a)     Enjoining and permanently restraining these violations;

(b)     Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Barrett's employment opportunities;

(c)     Directing Defendants to restore Barrett's class curriculum that would be in place but for but for Defendants' discriminatory treatment, and to make him

whole for all costs and expenses incurred personally to continue course instruction.

(d)  Awarding Barrett compensatory damages for his emotional distress and humiliation;

(e)  Awarding Barrett punitive damages if available against these defendants;

(f)  Awarding Barrett prejudgment and post-judgment interest, as well as reasonable attorney's fees and costs of this action;

(g)  Awarding Barrett damages relating to adverse tax consequences, and

(h)  Awarding such other and further relief as the Court deems necessary and proper.

## COUNT II: TITLE VII RETALIATION

79.  Plaintiff re-alleges and incorporates by reference the factual allegations of paragraphs 1 through 78 above, as if fully set forth herein.

80.  Plaintiff engaged in a protected activity when he complained of discrimination and further, when he filed his complaints with the IDHR and/or EEOC, all alleging race-based and gender discrimination, harassment, and retaliation.

81.  The conduct complained of by Plaintiff involved his supervisors and administrators, as defined in Title VII.

82.  These supervisors and administrators, by their actions, harassed, discriminated and retaliated against Plaintiff and altered the terms and conditions of his employment in retaliation for having complained and having complained of discrimination and/or filing an EEOC charge.

83.  As a result of the retaliation described above, Plaintiff suffered, and will likely continue to suffer, grievous harm including, without limitation, substantial loss of income, loss of earnings potential, loss of enjoyment of life and severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, REUBEN BARRETT demands judgment against ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 515, a/k/a PRAIRIE STATE COLLEGE ("PRAIRIE STATE COLLEGE OR COLLEGE"), BOARD OF TRUSTEES ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 515, ("BOARD") in an amount in excess of $250,000.00, and for all legal and equitable relief available pursuant to Title VII and the Civil Rights Act of 1991, including promotion, attorneys' fees, litigation expenses and cost of suit.

(a)   Enjoining and permanently restraining these violations;

(b)   Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Barrett's employment opportunities;

(c)   Directing Defendants to restore Barrett's class curriculum that would be in place but for but for Defendants' discriminatory treatment, and to make him whole for all costs and expenses incurred personally to continue course instruction.

(d)   Awarding Barrett compensatory damages for his emotional distress and humiliation;

(e)   Awarding Barrett punitive damages if available against these defendants;

(f)   Awarding Barrett prejudgment and post-judgment interest, as well as reasonable attorney's fees and costs of this action;

(g)   Awarding Barrett damages relating to adverse tax consequences, and

(h)   Awarding such other and further relief as the Court deems necessary and proper.

## COUNT III: TITLE VII HOSTILE WORK ENVIRONMENT

84.   Plaintiff re-alleges and incorporates by reference the factual allegations of paragraphs 1 through 83 above, as if fully set forth herein.

85. Since as early as 1998, and as late as 2015, Defendant College and Board, and its employees, have engaged in unlawful employment practices in violation of Title VII.

86. PRAIRIE STATE COLLEGE and the BOARD illegally discriminated against Plaintiff based on his race and gender with respect to the terms and conditions of his employment when it subjected him to different terms and conditions than other non-protected class members.

87. PRAIRIE STATE COLLEGE, the BOARD, and its employees illegally discriminated against him by engaging in and/or allowing a course of offensive and harassing conduct to exist in the work environment for years, up an until the present.

88. PRAIRIE STATE COLLEGE, the BOARD, and its employees illegally harassed Barrett to the point that it became a condition of his continued employment and was severe and pervasive.

89. As identified, the offensive conduct has included jokes, slurs, epithets or name calling, intimidation, ridicule or mockery, insults or put-downs, and interference with work performance.

90. PRAIRIE STATE COLLEGE, the BOARD, and its employees, despite complaints made by Barrett and others, failed to take any steps to remedy the harassment and illegal conduct committed by the defendants and co-workers.

91. By reason of PRAIRIE STATE COLLEGE and/or the BOARD's discriminatory practices, Plaintiff is entitled to all legal and equitable remedies available under Title VII.

92. PRAIRIE STATE COLLEGE and the BOARD's discrimination against Plaintiff based on his race and gender was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create a hostile working environment.

93.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and promotion, to effectively constrain Plaintiff, and otherwise to adversely affect Plaintiff's status as an employee because of his race, black or African-American and gender.

94.     PRAIRIE STATE COLLEGE and the BOARD, at all relevant times acted with malice or reckless indifference to the federally protected rights of Plaintiff in violation of 42 U.S.C. § 1981(a).

95.     As a result of the aforementioned intentionally discriminatory acts of PRAIRIE STATE COLLEGE and the BOARD, Plaintiff has suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and emotional distress. Specifically, due to the stress and anxiety caused by PRAIRIE STATE COLLEGE and the BOARD's discriminatory conduct, Plaintiff has been forced to incur medical treatment and expenses.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, REUBEN BARRETT demands judgment against ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 515, a/k/a PRAIRIE STATE COLLEGE ("PRAIRIE STATE COLLEGE OR COLLEGE"), BOARD OF TRUSTEES ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 515, ("BOARD") in an amount in excess of $250,000.00, and for all legal and equitable relief available pursuant to Title VII and the Civil Rights Act of 1991, including promotion, attorneys' fees, litigation expenses and cost of suit.

(a)     Enjoining and permanently restraining these violations;

(b)     Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Barrett's employment opportunities;

(c)     Directing Defendants to restore Barrett's class curriculum that would be in place but for but for Defendants' discriminatory treatment, and to make him whole for all costs and expenses incurred personally to continue course instruction.

(d)     Awarding Barrett compensatory damages for his emotional distress and humiliation;

(e)     Awarding Barrett punitive damages if available against these defendants;

(f)     Awarding Barrett prejudgment and post-judgment interest, as well as reasonable attorney's fees and costs of this action;

(g)     Awarding Barrett damages relating to adverse tax consequences, and

(h)     Awarding such other and further relief as the Court deems necessary and proper.

## COUNT IV: SECTION 1981 DISCRIMINATION

96.     Plaintiff realleges and incorporates by reference the factual allegations of paragraphs 1 through 95 above, as if fully set forth herein.

97.     Pursuant to Civil Rights Act of 1871, 42 U.S.C. § 1981, ("Section 1981") it is unlawful to discriminate in contracts, including employment contracts, on the basis of race.

98.     Plaintiff always met or exceeded the expectations of his employer as a performed his duties as a tenured professor of PRAIRIE STATE COLLEGE, and was qualified for his position, any advancements, any promotions, and more favorable assignments to one or more additional positions.

99.     Since as early as 1998, and continuously so since then, and until the present time, PRAIRIE STATE COLLEGE, THE BOARD, SUSAN SOLBERG, CHRISTA ADAMS, and MARIAN KELLY, individually, and in their official capacities, have engaged in unlawful employment practices in violation of 42 U.S.C. § 1981.

100. PRAIRIE STATE COLLEGE, THE BOARD, SUSAN SOLBERG, CHRISTA ADAMS, and MARIAN KELLY, individually, and in their official capacities, illegally discriminated against Plaintiff based on his race with respect to the terms and conditions of his employment when it subjected him to different terms and conditions than other non-protected class members.

101. PRAIRIE STATE COLLEGE, THE BOARD SUSAN SOLBERG, CHRISTA ADAMS, and MARIAN KELLY, individually, and in their official capacities, illegally discriminated against him by failing to provide necessary coursework materials, supplies and tools.

102. PRAIRIE STATE COLLEGE, THE BOARD, SUSAN SOLBERG, CHRISTA ADAMS, and MARIAN KELLY, individually, and in their official capacities, PRAIRIE STATE COLLEGE and the BOARD illegally discriminated against him by restricting his coursework and ability to teach.

103. PRAIRIE STATE COLLEGE, THE BOARD, SUSAN SOLBERG, CHRISTA ADAMS, and MARIAN KELLY, individually, and in their official capacities, actions, practices, and conduct were deliberate, willful and conducted in blatant disregard of Plaintiff's rights.

104. PRAIRIE STATE COLLEGE, THE BOARD, SUSAN SOLBERG, CHRISTA ADAMS, and MARIAN KELLY, individually, and in their official capacities policies and practices have produced, *inter alia*, disparate treatment and disparate impact against Plaintiff based on his race with respect to the terms and conditions of his employment.

105. By reason of PRAIRIE STATE COLLEGE, THE BOARD, SUSAN SOLBERG, CHRISTA ADAMS, and MARIAN KELLY, individually, and in their official

capacities, discriminatory practices, Plaintiff is entitled to all legal and equitable remedies available under 42 U.S.C. § 1981.

106.    PRAIRIE STATE COLLEGE, THE BOARD, SUSAN SOLBERG, CHRISTA ADAMS, and MARIAN KELLY discrimination against Plaintiff based on his race was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create a hostile working environment.

107.    The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and promotion, to effectively constrain Plaintiff, and otherwise to adversely affect Plaintiff's status as an employee because of his race, black or African-American.

108.    PRAIRIE STATE COLLEGE, THE BOARD, SUSAN SOLBERG, CHRISTA ADAMS, and MARIAN KELLY at all relevant times acted with malice or reckless indifference to the federally protected rights of Plaintiff in violation of 42 U.S.C. § 1981(a).

109.    As a result of the aforementioned intentionally discriminatory acts of PRAIRIE STATE COLLEGE, THE BOARD, SUSAN SOLBERG, CHRISTA ADAMS, and MARIAN KELLY, Plaintiff has suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and severe emotional distress.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, REUBEN BARRETT demands judgment against ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 515, a/k/a PRAIRIE STATE COLLEGE ("PRAIRIE STATE COLLEGE OR COLLEGE"), BOARD OF TRUSTEES ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 515, ("BOARD"), SUSAN SOLBERG, CHRISTA ADAMS, and MARIAN KELLY in an amount in excess of $250,000.00, and for

all legal and equitable relief available pursuant to Title VII and the Civil Rights Act of 1991, including promotion, attorneys' fees, litigation expenses and cost of suit.

(a)    Enjoining and permanently restraining these violations;

(b)    Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and to not continue to affect Barrett's employment opportunities;

(c)    Directing Defendants to restore Barrett's class curriculum that would be in place but for but for Defendants' discriminatory treatment, and to make him whole for all costs and expenses incurred personally to continue course instruction.

(d)    Awarding Barrett compensatory damages for his emotional distress and humiliation;

(e)    Awarding Barrett punitive damages if available against these defendants;

(f)    Awarding Barrett prejudgment and post-judgment interest, as well as reasonable attorney's fees and costs of this action;

(g)    Awarding Barrett damages relating to adverse tax consequences, and

(h)    Awarding such other and further relief as the Court deems necessary and proper.

### *JURY DEMAND*

Plaintiff, pursuant to Fed. R. Civ. P. 38, demands trial by jury.

Respectfully submitted,

REUBEN BARRETT

By:    /s/ Richard P. Long
         Richard P. Long
         Rubino Ruman Crosmer & Polen
         One of Plaintiffs' Attorneys

Rubino, Ruman, Crosmer, & Polen
275 Joliet Street, Suite 330
Dyer, IN  46311
Phone: 219-322-8222
Fax:    219-322-6675

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. Pro. 38, a trial by jury is hereby demanded.

## <u>VERIFICATION</u>

I affirm, under the penalty of perjury, that the foregoing representations are true and correct.

Reuben Barrett