UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. REUBEN BARRETT,

    Plaintiff,

  v.

ILLINOIS COMMUNITY COLLEGE DISTRICT
NO. 515, a/k/a Prairie State College, et al.,

    Defendants.

No. 15 CV 2334

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Dr. Reuben Barrett, an African-American man, is a professor at Prairie State College. Barrett sued the College, its Board of Trustees, its Dean of Liberal Arts, and two other professors, alleging race and gender discrimination. Barrett brought his claims under Title VII of the Civil Rights Act of 1964, and under 42 U.S.C. § 1981. Defendants moved to dismiss the complaint. First, regarding the Title VII claims, defendants argued that Barrett did not exhaust his administrative remedies. Second, defendants argued that, as state actors, they cannot be sued under 42 U.S.C. § 1981. For the reasons below, defendants' motion is granted in part and denied in part.

I. **Legal Standards**

In deciding whether to dismiss under Federal Rule of Civil Procedure 12(b)(6), I construe the complaint in the light most favorable to Barrett, accept as true all well-pleaded facts, and draw reasonable inferences in his favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). To avoid dismissal, the complaint

must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich*, 722 F.3d at 915 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

**II.    Facts**

Barrett is an African-American man. [1] ¶ 13. He is a professor of biology at Prairie State College. [1] ¶ 15. Barrett complains that the College and some of its employees have discriminated against him because of his race and gender. [1] ¶ 1. Specifically, Barrett complains that, because of his race and gender:

- He has not served as Chairman of the biology department since 1998, and has never served as a "Coordinator." [1] ¶ 22.

- Defendants have attempted to change his curricula. [1] ¶¶ 31, 35, 71, 102.

- He was denied supplies, course materials, and storage space. [1] ¶¶ 37, 60, 70, 101.

- He was compelled to defend his work to White, female members of the faculty and administration. [1] ¶ 39.

- He was denied training opportunities. [1] ¶ 48.

- He was the subject of ongoing, severe harassment. [1] ¶¶ 51, 53.

2

Barrett also alleges that he was retaliated against for complaining about this discrimination. [1] ¶¶ 56–57, 59, 63.

On April 4, 2014, Barrett filed a Charge of Discrimination with the Equal Employment Opportunity Commission. [1] ¶¶ 3, 62; [1-1]. The charge stated:

> I was hired by [Prairie State College] on or about September 1, 1991. My current position is Biology Professor. Throughout my employment, I have complained of discrimination to no avail. Since that time, I have been subjected to different terms and conditions of employment, including but not limited to, denied authority and access to my course materials.
>
> I believe I have been discriminated against because of my race and sex, Black male, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1967 [sic], as amended.

[1-1]. The EEOC has not issued a right-to-sue notice for this charge. On December 5, 2014, Barrett filed a second EEOC charge, which stated:

> I began my employment with [Prairie State College] in or around September 1, 1991. My current position is Professor of Biology. On or about April 4, 2014, I filed EEOC charge 440-2014-02810. Since filing my charge, I have been subjected to different terms and conditions of employment, including, but not limited to changing of textbook and course content.
>
> I believe that I have been discriminated against because of my race, Black[,] sex, female [sic], and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

[1] ¶ 3; [1-2]. On December 17, 2014, the EEOC issued a right-to-sue notice for this second charge. [1] ¶¶ 3–4; [1-3].

### III. Analysis

#### A. Count I ("Title VII Discrimination") and Count II ("Title VII Retaliation")

In Count I, Barrett alleges that the College[1] discriminated against him because of his race and gender. [1] ¶¶ 69, 73, 76. In Count II, he alleges that the College retaliated against him for complaining about discrimination. [1] ¶¶ 80, 82. Both counts are brought under Title VII. In what has become known as the "exhaustion of administrative remedies" requirement, "Title VII allows a claimant to file suit only after filing a charge with the EEOC and waiting until the EEOC sends notice that it does not intend to sue, thereby giving the claimant the 'right-to-sue.'" *Bibbs v. Sheriff of Cook Cnty.*, — Fed.Appx. —, 2015 U.S. App. LEXIS 11414, *3 n.1 (7th Cir. 2015) (citing 42 U.S.C. §§ 2000e-5(e)(1), (f)(1)).

Defendants argue that Barrett has not exhausted his administrative remedies because Counts I and II raise complaints similar to those in Barrett's first EEOC charge, which remains pending. [11] at 4–5. In response, Barrett argues that because he received a right-to-sue notice for his *second* EEOC charge, *all* of his administrative complaints should be considered resolved. [16] at 2–3. Barrett's argument is contrary to the law. *See Dandy v. UPS*, 388 F.3d 263, 270 (7th Cir. 2004); *Hottenroth v. Slinger*, 388 F.3d 1015, 1034–36 (7th Cir. 2004). Accordingly,

---

[1] Counts I, II, and III do not apply to the individual defendants because Title VII does not impose individual liability. *Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012); *Williams v. Banning*, 72 F.3d 552, 554–55 (7th Cir. 1995).

4

complaints not raised in Barrett's second EEOC charge have not been administratively exhausted.[2]

But Counts I and II are not dismissed in their entirety, as defendants request. Barrett received a right-to-sue notice on his second charge, and that charge sufficiently raised issues of both discrimination and retaliation occurring after April 4, 2014. Counts I and II therefore survive defendants' motion, but only to the extent that they concern events occurring after April 4, 2014.[3]

### B. Count III ("Title VII Hostile Work Environment")

In Count III, Barrett alleges that the College violated Title VII by creating and permitting the existence of a "hostile work environment." [1] ¶¶ 87–89, 92. Defendants argue that Count III must be dismissed because Barrett did not raise this issue with the EEOC. [11] at 6–7. A plaintiff cannot bring a claim in federal court under Title VII unless it was included in his EEOC charge, or it is "reasonably related to" and "growing out of" claims in his EEOC charge. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256–57 (7th Cir. 2011). "[A]t minimum," the federal complaint and EEOC charge must "describe the same conduct and implicate the same individuals." *Id.* at 257.

In his second EEOC charge (the only one for which he has received a right-to-sue notice), Barrett complained about his textbook and course content being

---

[2] If Barrett receives a right-to-sue notice for his first EEOC charge, he may seek leave to amend his complaint.

[3] Whether events occurring before April 4, 2014, are relevant to Barrett's surviving claims is not decided at this stage. But the parties are reminded that prior events could be relevant. *See Dandy*, 388 F.3d at 270.

5

changed. [1-2]. In contrast, Count III complains of "a course of offensive and harassing conduct," that was "severe and pervasive," which included "jokes, slurs, epithets or name calling, intimidation, ridicule or mockery, insults or put-downs, and interference with work performance." [1] ¶¶ 87–89, 92. The complained-of conduct is different (and may implicate different individuals). In similar cases from this circuit, courts have held that discrete acts of discrimination are not "reasonably related to" complaints of harassment or hostile work environments. *See, e.g., Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003) ("Normally, retaliation, sex discrimination, and sexual harassment charges are not like or reasonably related to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another."); *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 503 (7th Cir. 1994) ("Ordinarily, a claim of sexual harassment cannot be reasonably inferred from allegations in an EEOC charge of sexual discrimination."). Accordingly, Count III is dismissed without prejudice.[4]

### C. Count IV ("Section 1981 Discrimination")

In Count IV, Barrett alleges that defendants' racial discrimination violated 42 U.S.C. § 1981. Defendants moved to dismiss this claim on the sole ground that Section 1981 does not apply to state actors. [11] at 9–11. Defendants relied on *Campbell v. Forest Preserve Dist.*, 752 F.3d 665 (7th Cir. 2014), but that case does not hold that state actors cannot violate Section 1981, nor that state actors are immune from suit for any such violation. Instead, *Campbell* holds that when a state

---

[4] It is worth noting that a hostile work environment is actionable under 42 U.S.C. § 1981. *See Dandy*, 388 F.3d at 269–71.

6

actor violates Section 1981, the exclusive remedy for that violation is under 42 U.S.C. § 1983. *Campbell*, 752 F.3d at 671.[5] Though Barrett did not explicitly cite Section 1983 in his complaint, he was not required to do so. *Shah v. Inter-Continental Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002) ("The plaintiff is not required to plead . . . statutes, but merely to describe his claim briefly and simply."). Nothing would be gained by dismissing Count IV, without prejudice, and requiring Barrett to replead to specifically mention Section 1983.[6] Accordingly, defendants' motion to dismiss Count IV is denied.

---

[5] More precisely, that was the holding of the Supreme Court in *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989)—*Campbell* held that the Civil Rights Act of 1991 did not supersede *Jett*. One consequence of these holdings is that the "policy or custom" requirement of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), applies to Section 1981 claims against state actors. *See Looper Maintenance Serv. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999).

[6] In *Campbell*, the court noted that the plaintiff had disavowed any reliance on Section 1983 (because he thought a claim under that statute would be untimely). 752 F.3d at 667, 668. Barrett has not disavowed reliance on Section 1983.

## IV. Conclusion

Defendants' motion to dismiss [11] is granted in part. Counts I and II survive the motion, but only to the extent they are based on conduct occurring after April 4, 2014. Count III is dismissed without prejudice. Count IV survives the motion to dismiss and, to the extent necessary, will be construed as arising under both 42 U.S.C. § 1981 and § 1983.

ENTER:

                                                Manish S. Shah
                                                United States District Judge

Date: 7/16/15